LOUIS P. DELL, ESQ. (SBN 164830)
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818) 478-2822 (Office)
(818) 436-5966 (Fax)
e-mail: ldell@louisdell.com

Attorney for Plaintiff,
CHRISTOPHER PHILLIPS

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PHILLIPS,<br>Plaintiffs,<br>vs.<br>MCCARTHY, BURGESS & WOLFF, INC, and DOES 1 to 10, inclusive,<br>Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL |

Plaintiff, CHRISTOPHER PHILLIPS, by his attorney, states as follows:

INTRODUCTION

1. This is an action for damages, attorney fees and costs brought pursuant to the Fair Debt Collection Practices Act (FDCPA) [15 U.S.C. § 1692, *et seq*.].

2. The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" in addition to ensuring that "those debt collectors who refrain from abusive practices are not competitively disadvantaged." 15 U.S.C. 1692(e). Non-compliance will subject the debt collector to civil liability. 15 U.S.C. § 1692k.

3. Plaintiff makes allegations in this complaint on information and belief, with

the exception of those allegations that pertain to a plaintiff which the plaintiff alleges on personal knowledge.

JURISDICTION

4. This court has jurisdiction under the provisions of FDCPA, 15 U.S.C. § 1692k(d).

PARTIES

5. Plaintiff CHRISTOPHER PHILLIPS ("Phillips") is a natural person, and resides in the State of California, County of Ventura.

6. Defendant, MCCARTHY, BURGESS & WOLFF, INC, ("MB&W") is an Ohio corporation Cleveland, Ohio.

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner to plaintiff as hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

8. For the purpose of this lawsuit, unless otherwise indicated, "MB&W" and "defendant" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant(s) named in this caption.

CAPACITIES & AGENCIES

9. Plaintiff is an individual or natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing and is therefore entitled to protection under the FDCPA, 15 U.S.C. § 1692a(3) ["consumer"]

10. MB&W and AVB Simi Valley LP f/k/a Archstone Simi Valley LLC and AvalonBay Communities, Inc. entered into an agency agreement whereby the

MB&W agreed to collect the alleged back rent, late fees, attorney fees, and other debt (hereinafter "debt") arising out of the aforementioned unlawful detainer actions.

11. MB&W, regularly and in the ordinary course of business, provides debt collection services, including furnishing collection items on credit reports. Its website boasts "30+ years of collections experience makes us your best choice when it comes to collecting." Its website indicates it has collected in excess of $1 Billion for its clients over the last decade. Its website boasts: Customized collection strategies, Services segmented by industry & by client, ISO 27001 Certified, SSAE 16 Certified Disaster Recovery Plan, Annual 3rd Party Testing, Voice Analytics, Voice Inflection and Key Phraseology Recognition, 100% Call Recording, Portfolio Trend Analysis, Certified Women's Business Enterprise (WBENC), Dual methodology combines customer service and portfolio liquidation, Ease of doing business, Expertise, compliance, reputation, Staffing excellence, Technology innovation, and Real-time reporting.

12. This complaint alleges that MB&W is liable to Phillips under the FDCPA as a debt collector, 15 U.S.C. § 1692a(5) [3rd party debt collectors].

## FACTUAL ALLEGATIONS

13. On or about July 14, 2012, Phillips entered into a written lease with AVB Simi Valley LP f/k/a Archstone Simi Valley LLC and AvalonBay Communities, Inc. (hereinafter, "the Landlord") covering the residential apartment unit located at 1631 East Jefferson Way, #206, Simi Valley, CA 93065. At all relevant times he was entitled to possession of the premises and was current on his monthly rent.

<u>First Unlawful Detainer Action</u>

14. On April 19, 2013, the Landlord caused an unlawful detainer action to be filed against Phillips in the case *Archstone Simi Valley LLC v. Chris Phillips*, Ventura County Superior Court Case no. 56-2013-00435146-CL-UD-SIM (hereinafter "first UD action") This first UD action sought recovery of possession of the premises, past-due rent in the amount of $1,505, attorney fees, forfeiture of the agreement, plus

damages in the amount of $50.17 per day from May 1, 2013 for each date Phillips remained in possession. A 3-Day Notice to Pay Rent or Quit attached to the complaint alleged that rent had not been paid since April 1, 2013.

15. A court trial was held on July 18, 2013 before the Hon. Dino Inumerable, Commissioner Presiding. After trial, the court issued a judgment in favor of Phillips. The judgment, entered on August 22, 2013, decrees that Phillips is entitled to possession of the premises, that the Landlord receive nothing, and that Phillips is awarded costs.

Second Unlawful Detainer Action

16. On November 27, 2013, the Landlord caused a second unlawful detainer action to be filed against Phillips in the case *Archstone Simi Valley LLC v. Chris Phillips*, Ventura County Superior Court Case no. 56-2013-00445273-CL-UD-VTA (hereinafter "second UD action") This second UD action again sought recovery of possession of the premises, past-due rent in the amount of $11,660, attorney fees, forfeiture of the agreement, plus damages in the amount of $62.66 per day from November 1, 2013 for each date Phillips remained in possession. The 3-Day Notice to Pay Rent or Quit attached to the complaint alleged that rent had been due since April 1, 2013.

17. A court trial commenced on February 20, 2014 before the Hon. Steve Jump, Judge Pro Tem Presiding. Judgment on the second UD Action was entered on March 7, 2014 in favor of the Landlord as against Phillips, and awarded it possession of the premises, past-due rent of $11,660, holdover damages of $7,080.58 and costs pursuant to a memorandum of costs. Phillips appealed.

18. Prior to the conclusion of the appeal, Phillips was evicted and involuntarily had to move from the premises.

19. The appellate division of the Ventura County Superior Court found: (1) The first unlawful detainer action ended in a judgment for Phillips and against The Landlord on August 26, 2013; (2) the second unlawful detainer proceeding began

with the Landlord's service of a three-day notice to pay rent or quit on October 18, 2013; (3) the only ground alleged in the three-day notice and the unlawful detainer complaint filed on November 27, 2013, for the Landlord's entitlement to immediate possession was Phillips's alleged failure to pay rent when due for the months of April through October, 2013; (4) during this period, the Landlord offered and Phillips accepted renewal of the lease; and (5) Phillips tendered rent for each of the months during this period, but the Landlord rejected the tenders because the matter was "in litigation" (presumably referring to the first unlawful detainer action which ended in August, 2013, with a judgment against the Landlord and for Phillips).

20. The appellate court decreed that the Landlord did not have an immediate right of possession because Phillips's tender of rent when due defeated the Landlord's right to immediate possession. The court decreed that the Landlord could not rely upon an unsuccessful unlawful detainer action as an excuse or justification for denying Phillips's timely tender of rent payments and then assert non-payment of rent as the basis for a later unlawful detainer action.

21. The appellate court reversed and vacated the judgment in the second UD action in its entirety and entered judgment in favor of Phillips and against the Landlord. After the Remittitur, the trial court entered judgment in favor of Phillips, that the Landlord receive nothing from Phillips, and that Phillips is awarded costs. Judgment on the second UD Action was entered on May 27, 2015.

Federal Lawsuit Against the Landlord and Others

22. On July 22, 2015, Phillips filed a federal lawsuit against the Landlord, its debt collector Fair Collections and Outsourcing of New England, Inc, and others. The lawsuit is styled *Phillips v. Archstone Simi Valley LLC, et al.*, Case No. 2:15-cv-05559-DMG-PLA (Cal. Central District) and sought recovery under the Fair Debt Collections Practices Act, the California Rosenthal Act, the Fair Credit Reporting Act, and Retaliatory Eviction (Cal. Civ. Code 1942.5).

23. Phillips ultimately reached a confidential settlement of his claims against Fair

Collections and Outsourcing of New England, Inc and was granted a judgment against the Landlord for Retaliatory Eviction (Cal. Civ. Code 1942.5).

FDCPA Violations by MB&W

24. At the time MB&W agreed to collect the alleged debt from Phillips, it knew that he was represented by an attorney with respect to the debt.

25. Around September through October 2016, during the pendency of *Phillips v. Archstone,* MB&W made multiple telephone calls to Phillips at his place of employment, his cell phone, and his home, demanding that he pay a debt which was not owed to the Landlord defendants.

26. These telephone calls were made to Phillips while he was represented by an attorney in *Phillips v. Archstone*.

27. On or about October 25, 2016, MB&W sent a debt collection letter to Phillips at his home address which demanded $25,294.28 on behalf of the Landlord. This amount included back rent, legal costs, late charges, and other fees, none of which were owed.

28. The telephone calls and letter by MB&W violated the Fair Debt Collection Practices, 15 U.S.C. § 1692e, which prohibits a debt collector from using false representations, deceptive means, or any unfair or unconscionable means to attempt to collect a debt or obtain information concerning the debtor. Without limiting the general application of the foregoing, the following conduct is a violation of this section: A debt collector may not make false, deceptive, or misleading representations concerning the character, amount, or legal status of the debt it claims is due from the debtor. (15 U.S.C. § 1692e(2))

29. The telephone calls and letter by MB&W violated the Fair Debt Collection Practices, 15 U.S.C. § 1692f, which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The collection of any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. (15 U.S.C. § 1692f(1))

30. The telephone calls and letter by MB&W violated the Fair Debt Collection Practices, 15 U.S.C. § 1692c(a) which provides: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. (15 U.S.C. § 1692c(a)(2) & (3))

31. The aforesaid acts taken together on the part of the Landlord and Kimball defendants, and FCO, violated 15 U.S.C. § 1692d which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

Damages

32. As a direct and proximate result of all acts, omissions, and consequences thereof, Phillips has sustained statutory and actual damages, including emotional distress, pecuniary loss, risk or actual damage to credit rating, the inability to obtain credit and/or inability to obtain credit at an interest rate or at terms he would have been able to obtain had the defendant not so acted. Phillips has abstained from applying for credit, and/or had adverse action taken on existing credit accounts and/or were denied credit.

33. The debt collection activities by the defendants was a gross invasion of his privacy.

34. He suffered emotional distress, including but not limited to anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, irritability, inability to concentrate, loss of sleep, nightmares, daily worry, headaches, malaise, and the inability to enjoy the comfort and seclusion of the premises.

35. Plaintiff is entitled to attorney fees and costs pursuant to 15 U.S.C. § 1692k.

FIRST CAUSE OF ACTION

(Violation of the FDCPA)

36. Paragraphs 1-35 of this complaint are alleged in this cause of action.

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

38. Each defendant named in this cause of action is liable to Phillips for every FDCPA violation described in this complaint under 15 U.S.C. § 1692k.

WHEREFORE, the plaintiff prays judgment in his favor as follows:

FOR THE FIRST CAUSE OF ACTION against each of the defendants and DOES 1-10:

1. Actual damages according to proof, but at least in the sum of $100,000;
2. Statutory damages of no less than $1,000 for each violation;
3. Reasonable attorney fees;
4. Costs of suit; and
5. For such further relief as the court may deem just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: April 4, 2017

LAW OFFICE OF LOUIS P. DELL

*/s/ Louis P. Dell*
Louis P. Dell, Esq.

Attorney for Plaintiff,
CHRISTOPHER PHILLIPS